**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

NATHAN HENNESSY,

                                        Plaintiff,

                    - v -                                                  Civ. No. 1:19-CV-1027
                                                                                      (BKS/DJS)

LOUIS ALOSSA,

                                        Defendant.


**APPEARANCES:**                                       **OF COUNSEL:**

NATHAN HENNESSY
Plaintiff, *Pro Se*
18-A-1578
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

**DANIEL J. STEWART**
**United States Magistrate Judge**

<u>**REPORT-RECOMMENDATION and ORDER**</u>

        The Clerk has sent for review a civil Complaint filed by Plaintiff Nathan

Hennessy. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted

a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 4, IFP App. By separate

Order, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance

with 28 U.S.C. §§ 1915(e) & 1915A, the Court will *sua sponte* review the sufficiency

of the Complaint.

# I.  DISCUSSION

## A. Legal Standard for Initial Review

Section 1915(e) directs that, when a plaintiff seeks to proceed in *forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]  Thus, even if a plaintiff meets the financial criteria to commence an action in *forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in *forma pauperis*. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*) (explaining that section 1915A applies to all actions brought by prisoners against government officials even when

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, see *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

3

misconduct, the complaint has alleged–but it has not show[n]– that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id.* (internal quotation marks and alterations omitted).

## B. Summary of the Complaint

The Complaint in this case alleges that on October 30, 2015, Plaintiff was stopped by a number of police officers outside his mother's house in Troy, New York and taken by the police to an Albany, New York police station.  Compl. at p. 2.[2]  He was then questioned about a stabbing and denied any role in it.  *Id.* at pp. 2-3.  The following day Plaintiff alleges that he was arraigned on criminal charges and held in the Albany County Correctional Facility until his trial in October 2016.  *Id.* at p. 3.  Plaintiff alleges that the trial resulted in an acquittal on October 24, 2016.  *Id.*

The Complaint does not specifically set forth particular causes of action, but does reference a violation of the Eighth Amendment, an alleged request for counsel while he was being questioned, false arrest, malicious prosecution, and slander.  Compl. at pp. 2-3.  Plaintiff seeks one and a half million dollars in damages.  *Id.* at p. 3.

---

[2] Citations to the Complaint are to the page numbers provided by the Court's CM/ECF system.

### C. Legal Sufficiency of the Complaint

Having reviewed the Complaint and accorded Plaintiff's pleading the broad latitude to which a *pro se* complaint is entitled, *see Muse v. New York City Dep't of Hous. Pres. & Dev.*, 2000 WL 1209427, at *5 (E.D.N.Y. Aug. 22, 2000), the Court recommends that Plaintiff be permitted to proceed with a malicious prosecution claim against Defendant.

#### 1. Malicious Prosecution

> Under New York law, a malicious-prosecution claim requires a plaintiff to show '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendant's actions.'

*Dettelis v. Sharbaugh*, 919 F.3d 161, 163-64 (2d Cir. 2019) (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)).  The facts sufficiently allege each of these elements to warrant a response from Defendant.  Plaintiff specifically alleges that criminal proceedings were commenced against him and that they terminated in his favor.  In light of his *pro se* status, the Court construes Plaintiff's allegations that there was not sufficient evidence against him to allege the lack of probable cause.  Because Plaintiff's allegations regarding the lack of evidence sufficiently plead a lack of probable cause to support a malicious prosecution claim, "actual malice may be inferred at this point in the proceedings." *Myers v. Rowell*, 2017 WL 2559994, at *3 (N.D.N.Y. June 13, 2017).

For a malicious prosecution claim the statute of limitations is three years, *Charlotten v. Heid*, 2011 WL 3423826, at \*5 (N.D.N.Y. Aug. 4, 2011), and "accrues only once the underlying criminal proceedings have resolved in the plaintiff's favor." *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019). Plaintiff alleges that the criminal proceeding favorably terminated in October 2016 and so a malicious prosecution claim in this action would be timely.

### 2. Potential False Arrest and Slander Claims are Untimely

"Where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on § 1915(e)(2)(B) review even though the statute of limitations bar is an affirmative defense." *Ajamian v. Zakarian*, 2014 WL 4247784, at \*5 n. 4 (N.D.N.Y. Aug. 26, 2014). To the extent the Complaint alleges a false arrest claim, it is untimely. In New York a false arrest claim is governed by a three year statute of limitations. *Newson v. City of New York*, 2019 WL 3997466, at \*10 (E.D.N.Y. Aug. 23, 2019) (citing *Owens v. Okure*, 488 U.S. 235 (1989)). A false arrest claim accrues at the time of the arrest. *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006); *Tirse v. Gilbo*, 2016 WL 4046780, at \*16 (N.D.N.Y. July 27, 2016).[3] At the latest, the Complaint alleges that

---

[3] "'Not every § 1983 claim that arises out of a criminal case requires that the underlying criminal process reach a favorable termination' before the claim accrues." *Klein v. Zugabie*, 2017 WL 374733, at \*5 (S.D.N.Y. Jan. 24, 2017) (quoting *Smith v. Campbell*, 782 F.3d 93, 101 (2d Cir. 2015)). "[W]hile the favorable termination of judicial proceedings is an element of a claim for malicious prosecution, it is not an element of a claim for false arrest." *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996) (internal quotations and citations omitted).

Plaintiff was arrested on October 31, 2015, Compl. at p. 3, but this action was not filed until August 2019. A false arrest claim, therefore, is untimely.

Similarly, Plaintiff alleges that Defendant slandered him by publicly posting information about the charges. Compl. at p. 3. Under New York law, a claim for defamation or slander must be commenced within one year of the publication date. *Thomas v. Heid*, 2017 WL 9673716, at *5 (N.D.N.Y. Dec. 6, 2017), *report and recommendation adopted*, 2018 WL 1773130 (N.D.N.Y. Apr. 12, 2018) (citing *McKenzie v. Dow Jones & Co.*, 355 Fed. Appx. 533, 535 (2d Cir. 2009); N.Y. C.P.L.R. 215(3)). Here, though Plaintiff does not specify particular publication dates, even if publication was made at the time of his trial in October 2016, such claims were clearly timely barred when this action was commenced in 2019.

### 3. Potential Fifth and Eighth Amendment Claims are Not Cognizable

Liberally construed, Plaintiff's Complaint could be read to allege that while being interrogated he requested, but was denied, the assistance of counsel. Such a claim might arguably assert a Fifth Amendment claim regarding his right against self-incrimination. Such a claim, however, is not actionable as the "appropriate remedy" to address such a violation would be suppression of improperly obtained evidence in the criminal proceeding, not a section 1983 action. *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 346 (2d Cir. 1998); *Martinez v. DeMarco*, 2018 WL 1115150, at *1 (E.D.N.Y. Feb. 26, 2018).

Plaintiff also specifically alleges a violation of the Eighth Amendment – asserting that it was "deliberate indifference" on the part of the Defendant to base his investigation "solely on hearsay" and an unreliable witness.  Compl. at p. 1.  Courts have consistently recognized that "the Eighth Amendment does not apply 'until after conviction and sentence.'"  *Wright v. New York City*, 2012 WL 4057958, at *3 (E.D.N.Y. Sept. 14, 2012) (quoting *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999)); *see also Lindsey v. Butler*, 43 F. Supp. 3d 317, 325 (S.D.N.Y. 2014) ("the Eighth Amendment attaches only after conviction").  Plaintiff's allegations regarding the insufficiency of the investigation and prosecution, therefore, do not implicate the Eighth Amendment.

Accordingly, any claims under the Fifth and Eighth Amendments should be dismissed.

## II.  CONCLUSION

**ACCORDINGLY**, it is hereby

**RECOMMENDED**, that the Court direct a response to Plaintiff's Complaint only insofar as it asserts a Fourth Amendment malicious prosecution claim; and it is further

**RECOMMENDED**, that all other claims asserted in the Complaint be *sua sponte* dismissed; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[4] within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   October 4, 2019
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).