# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

NATHAN HENNESSY,

                                                Plaintiff,                  1:19-cv-1027 (BKS/DJS)

v.

LOUIS ALOSSA,

                                                Defendant.

---

**Appearances:**

*Plaintiff, pro se:*
Nathan Hennessy
18-A-1578
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff Nathan Hennessy, a New York State inmate, commenced this civil rights action on August 16, 2019, asserting claims under 42 U.S.C. § 1983 arising out of his October 30, 2015 arrest. (Dkt. No. 1). This matter was assigned to United States Magistrate Judge Daniel J. Stewart who, on October 4, 2019, issued a Report-Recommendation recommending that the Court direct a response to Plaintiff's Complaint only insofar as it asserts a Fourth Amendment malicious prosecution claim, and that all other claims in the Complaint be dismissed. (Dkt. No. 8). Magistrate Judge Stewart noted that any false arrest claim was untimely under the applicable three-year statute of limitations for false arrest, and that Plaintiff's slander claim was barred by the applicable one-year statute of limitations. (*Id.* at 6–7). Plaintiff was informed that he had fourteen days within which to file written objections to the report, under 28 U.S.C. § 636(b)(1),

and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 8, at 9).

No objections have been filed. On October 17, 2019, Plaintiff filed a letter motion asking the Court to correct the spelling of the Defendant's name. (Dkt. No. 9). On October 18, 2019, Plaintiff filed a letter informing the Court that, after reviewing the Report-Recommendation, he has "no objections," and "is content" with a Fourth Amendment malicious prosecution claim. (Dkt. No. 10). As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.[1]

Although Plaintiff's false arrest and slander claims appear untimely, in recognition of Plaintiff's status as a pro se litigant, the Court grants Plaintiff.leave to file an amended complaint within thirty (30) days of the date of this Order. *See Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) ("[A] pro se complaint should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). Any such amended complaint will replace the existing Complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d

---

[1] In light of Plaintiff's letter assenting to the Report-Recommendation, and the fact that any false arrest and slander claims are well outside the applicable limitations periods, the Court does not consider the potential applicability of equitable tolling. *See Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (noting that the Court has "applied equitable tolling only in 'rare and exceptional circumstances,' where we found that 'extraordinary circumstances' prevented a party from timely performing a required act, and that the party 'acted with reasonable diligence throughout the period he [sought] to toll.'").

2

Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)). If Plaintiff fails to file an amended complaint within thirty (30) days, only the malicious prosecution claim, as alleged in the Complaint, will proceed.

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 8) is **ADOPTED** in its entirety; and it is further

**ORDERED** that all claims in the Complaint are **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, except for Plaintiff's Fourth Amendment malicious prosecution claim; and it is further

**ORDERED** that Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Order; and it is further

**ORDERED** that if Plaintiff fails to file an amended complaint within thirty (30) days of the date of this Order, only the malicious prosecution claim, as alleged in the Complaint, will proceed and this action will be referred to Magistrate Judge Stewart for an Order directing service; and it is further

**ORDERED** that Plaintiff's letter motion (Dkt. No. 9) is granted, and the Clerk is directed to correct the spelling of the Defendant's name on the court docket to Louis Aiossa; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 19, 2019
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

3